RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/17/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CLYDE WILLIAMS** | **DOCKET NO. 1:12-CV-868; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **LPN GASKILL, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM ORDER

Pro se Plaintiff, Clyde Williams, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He complains that he was denied proper insulin by LPN Gaskill. He seeks compensatory damages and injunctive relief in the form of a court order preventing Gaskill from treating diabetic inmates. He names as defendants the Corrections Corporation of America ("CCA"), Winn Correctional Center, Nurse Gaskil, Tim Keith, and Pat Thomas.

### *Allegations*

Plaintiff alleges that on November 3, 2011, he went to the evening "pill call." He is a diabetic, and he alleges that on that date, his blood sugar was 366 and that he needed "some 70/30 insulin and about 8 or 10 units of regular." Nurse Gaskill told Plaintiff "I can't give you anything." [Doc. #1, p.3] Plaintiff wrote to the Warden and filed an administrative grievance.

### *Law and Instructions*

Rule 8 of the Federal Rules of Civil Procedure does not

require explicit detail, but it does require a plaintiff to allege some facts that support the conclusion that his constitutional rights were violated by the defendants. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a *constitutional* deprivation and may not simply rely on conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). **Plaintiff should amend and supplement his complaint to allege:**

(1) a description of what each defendant did to violate Plaintiff's rights;

(2) the dates on which he was deprived of his constitutional rights; and

(3) a description of the alleged injury sustained as a result of the alleged violation(s).

Additionally, Plaintiff seeks to hold CCA liable under §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior

or vicarious liability basis). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." **Plaintiff should amend his complaint to state whether an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. He should also identify the policy or custom and provide facts to support his contention.**

### *Pending Motions*

**A.   Motions to Compel - Doc. #26, 29**

Plaintiff filed two motions to compel discovery. [Doc. #26, 29] The Prison Litigation Reform Act of 1995 (PLRA), in order to address the large number of prisoner complaints filed in federal court, mandates judicial screening of prisoner complaints. See <u>Jones v. Bock</u>, 549 U.S. 199 (2007). Plaintiff's motions to compel were filed prior to the screening or service of the Plaintiff's complaint. Should Plaintiff's complaint be served on the defendants, the Court will issue an ordering containing instructions regarding discovery.

**B.   Motion for Default Judgment - Doc. #33**

Likewise, Plaintiff's Motion for Default should be denied. Plaintiff is not entitled to a default judgment; the case has not been served and the requirements of Federal Rule of Civil Procedure 55 have not been met. Plaintiff's motion [**Doc. #33**] is **DENIED**.

*ORDER*

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). Accordingly:

**IT IS ORDERED** that Plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims, requests for relief, or the defendants that plaintiff is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel [<u>Doc. #26</u> and <u>Doc. #29</u>] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment [<u>Doc. #33</u>] is **DENIED**.

Thus done and signed at Alexandria, Louisiana, this 17th day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE