RECEIVED
SDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 29 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLYDE WILLIAMS | DOCKET NO. 1:12-CV-868; SEC. P |
| VERSUS | JUDGE DRELL |
| LPN GASKILL, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Clyde Williams, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He complains that he was denied proper insulin by LPN Gaskill. He seeks compensatory damages for psychological stress and injunctive relief in the form of a court order preventing Gaskill from treating diabetic inmates. He names as defendants the Corrections Corporation of America ("CCA"), Winn Correctional Center, Nurse Gaskil, Tim Keith, and Pat Thomas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons that follow, it is recommended that the complaint be denied and dismissed.

### *Plaintiff's Allegations*

Plaintiff alleges that on November 3, 2011, he went to the evening "pill call." He is a diabetic, and he alleges that on the

last reading, his blood sugar was 366 and should have been between 50 and 350. Plaintiff originally stated that he needed "some 70/30 insulin and about 8 or 10 units of regular." Nurse Gaskill told Plaintiff "I can't give you anything." [Doc. #1, p.3] Plaintiff wrote to the Warden and filed an administrative grievance.

In his amended complaint, Plaintiff claims that Nurse Gaskill should have referred Plaintiff to the doctor on the date in question. He also claims that Nurse Gaskill "delayed" obtaining insulin for Plaintiff. Plaintiff claims in the amended complaint that Warden Keith and Pat Thomas both failed to respond to Plaintiff's complaint, and that both are liable as supervisors.

Plaintiff seeks compensatory damages of $125,000 for "medical neglect and psychological stress" as well as a court order that Gaskill be restricted from serving as a nurse to diabetics.

Plaintiff submitted copies of administrative grievances. At the first step, Plaintiff was informed that the nurse administered the 70/30 insulin, but that Plaintiff did not have an order for any other insulin. [Doc. #1-2, p.1] Plaintiff disputes this account and claims that the report is false. However, he also submitted a sick call request asking why his medication was discontinued. [Doc. #1-2, p.3]

### Law and Analysis

To state a civil rights claim for the denial of medical care, a prisoner must allege that the prison authorities were

deliberately indifferent to the prisoner's serious medical needs. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1978); <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 650 (5th Cir. 1996). "Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." <u>Easter v. Powell</u>, 467 F.3d 459, 463 (5th Cir. 2006). A prison official is liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he or she knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). Only deliberate indifference, an "unnecessary and wanton infliction of pain ... or acts repugnant to the conscience of mankind" is proscribed by the Eighth Amendment. See <u>Estelle v. Gamble</u>, 429 U.S. at 105-106.

Additionally, the Prison Litigation Reform Act requires a physical injury before a prisoner can recover money for psychological damages. Relying on its Eighth Amendment jurisprudence, the Fifth Circuit has determined that the "physical injury" required by §1997e(e) must be more than de minimis, but need not be significant. See <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). In this case, Plaintiff has not alleged any physical injury, and he specifically states that he did not sustain any injury. Without an allegation of a more than de minimis

3

physical injury, Plaintiff's claim for damages is without merit. Additionally, Plaintiff has not alleged deliberate indifference by any of the defendants, other than a conclusory allegation that the defendants acted as such.

Plaintiff also seeks injunctive relief in the form of an order from the Court that Nurse Gaskill not be allowed to treat diabetics. Injunctive relief is an extraordinary remedy that requires the movant to unequivocally show the need for its issuance. Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 808 (5th Cir. 1989), *appeal after remand*, 915 F.2d 1567 (5th Cir. 1990). Except in extreme circumstances, the federal courts are reluctant to interfere with matters of prison administration and management. See Young v. Wainwright, 449 F.2d 338, 339 (5th Cir. 1971). Plaintiff has shown no exceptional or extreme circumstance that would warrant injunctive relief or the interference with prison operations by the Court.

Plaintiff claims that the warden and medical director are liable as supervisors is frivolous, as well. Under Section 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983). A supervisor may be held liable only if: (i) they affirmatively

participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). Plaintiff has failed to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the defendants.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. USAA</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this _____ day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE